**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JEFFERSON CHEVROLET COMPANY,

       Plaintiff,

                                                             Case No. 07-15491

v.                                                                Hon. Gerald E. Rosen

ENTERPRISE LEASING COMPANY,

       Defendant.

_____/

**ORDER REGARDING CROSS-MOTIONS FOR SUMMARY JUDGMENT
AND PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on    August 29, 2008   

PRESENT: Honorable Gerald E. Rosen
                   United States District Judge

By motions filed on June 10, 2008 and July 1, 2008, respectively, Defendant and Plaintiff each seeks an award of summary judgment in its favor on Plaintiff's claims of negligence and fraud. Under the March 11, 2008 scheduling order that governs this action, the discovery period is still ongoing, with the discovery cut-off date currently set for August 29, 2008.[1] It is the Court's usual practice to defer any consideration of summary judgment motions until after the close of discovery, in order to ensure that its rulings are based on a complete record. The Court finds no basis to deviate from this

---

[1] In a recent motion, which the Court will address in a separate order, the parties have jointly requested a three-month extension of the discovery period, with a new discovery cut-off date of December 5, 2008.

usual practice here, where the parties' cross-motions appear to rest upon significantly divergent views of the record compiled to date, and where it appears that important avenues of discovery — *e.g.,* depositions — had yet to be pursued as of the dates the parties filed these motions. Under these circumstances, the Court declines to consider the parties' summary judgment motions at this time, but instead will deny them without prejudice to the parties' opportunity to reassert their entitlement to summary judgment following the close of discovery.

Next, by motion filed on June 26, 2008, Plaintiff seeks leave to file an amended complaint in which it would name an additional defendant and supplement the allegations in support of its claims. In response, Defendant argues that Plaintiff's proposed amendments would be futile, in light of Defendant's posited entitlement to summary judgment as purportedly established through its pending motion. Having elected not to consider this latter motion at this time, the Court readily concludes that Plaintiff should be granted leave to amend its complaint, as this will provide additional focus to the parties' remaining discovery efforts, and will help to ensure that any eventual summary judgment rulings in this case are based upon a complete record.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's June 10, 2008 motion for summary judgment and Plaintiff's July 1, 2008 motion for summary judgment are DENIED, but without prejudice to the parties' opportunity to reassert their entitlement to summary judgment following the close of discovery. In light of these rulings on the

parties' cross-motions, IT IS FURTHER ORDERED that Plaintiff's July 29, 2008 motion for leave to file sur-reply is DENIED AS MOOT.

Next, IT IS FURTHER ORDERED that Plaintiff's June 26, 2008 motion for leave to file amended complaint is GRANTED. Accordingly, Plaintiff shall, within ***ten (10) days*** of the date of this order, file and serve the first amended complaint that is attached as an exhibit to its motion.

s/Gerald E. Rosen  
Gerald E. Rosen  
United States District Judge

Dated: August 29, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 29, 2008, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry  
Case Manager